Filed 4/26/21  P. v. Ferreira CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| THE PEOPLE, | C092110 |
| Plaintiff and Respondent, | (Super. Ct. No. 15810) |
| v. | |
| CHRIS FERREIRA, | |
| Defendant and Appellant. | |

Defendant Chris Ferreira appeals from a postjudgment order denying his petition for dismissal pursuant to Penal Code section 1203.42.[1]  His appointed counsel asked this court for an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was informed of his right to file a supplemental brief but did not file one.  We conclude defendant is not entitled to *Wende* review and dismiss the appeal as abandoned.

---

[1]      Undesignated statutory references are to the Penal Code.

1

DISCUSSION

Review pursuant to *Wende*, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493], is required only in the first appeal of right from a criminal conviction. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 [95 L.Ed.2d 539, 545-546]; *Conservatorship of Ben C*. (2007) 40 Cal.4th 529, 536-537; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1129-1131, review granted Mar. 17, 2021, S266853; *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501 (*Serrano*).) The right to *Anders/Wende* review applies only in appellate proceedings in which a defendant has a previously established constitutional right to counsel. (*Serrano, supra*, at p. 500; *Ben C., supra*, at pp. 536-537.) The constitutional right to counsel extends to the first appeal of right, and no further. (*Serrano*, at pp. 500-501.) While a criminal defendant has a right to appointed counsel in an appeal from an order after judgment affecting his or her substantial rights (§§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)), that right is statutory, not constitutional.

A defendant is not entitled to *Wende* review in an appeal from a postconviction order. (*People v. Scott, supra*, 58 Cal.App.5th at pp. 1130-1131 [no *Wende* review in appeal from postconviction petition to vacate conviction and for resentencing], review granted Mar. 17, 2021, S266853; *Serrano, supra*, 211 Cal.App.4th at pp. 500-501 [*Wende* review inapplicable in appeal from denial of postconviction motion to vacate plea]; *People v. Ramirez* (2021) 60 Cal.App.5th 163 [declining to conduct *Wende* review in appeal from denial of statutory motion to vacate judgment], review granted Mar. 30, 2021, S267182; cf. *People v. Flores* (2020) 54 Cal.App.5th 266, 273 [while not required, nothing prohibits court from reviewing record in interests of justice].)

This appeal is not from the judgment of conviction. It is an appeal from a postconviction order denying defendant's petition to dismiss his conviction. As a result, defendant is not entitled to *Wende* review. Because neither defendant nor his counsel

raise any claim of error in the criminal conviction, we dismiss the appeal as abandoned. (*Serrano, supra*, 211 Cal.App.4th at pp. 503-504.)

DISPOSITION

The appeal is dismissed.


                                                      KRAUSE      , J.


We concur:


        RAYE         , P. J.


        DUARTE       , J.